IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., | No. C 10-1803 SI |
| Plaintiff, | **ORDER RE: PLAINTIFF'S REQUEST FOR FEES AND COSTS** |
| v. | |
| CARMINA BASTO, *et al.*, | |
| Defendants. | |

On December 16, 2010, the Court held a hearing on plaintiff's motion for default judgment. During the hearing, plaintiff's counsel requested the opportunity to submit a declaration in support of a request for attorney's fees and costs. On December 23, 2010, counsel filed the fee declaration.

Counsel seeks $1,165.00 in costs and $2,108.10 in fees. With respect to fees, counsel has provided a declaration containing a chart listing the task performed, the amount of time spent, and the person or persons who performed the task. According to counsel's declaration, most tasks were performed by two individuals (counsel and an administrative assistant), for the same amount of time. For example, the fee declaration states that on April 27, 2010, both counsel and the administrative assistant spent 2.0 hours on "Preparation, Filing and Service of Initiating Suit Paper (Complaint, Summons, Certification As To Interested Parties, Civil Cover Sheet)." Riley Decl. ¶ 9. Fourteen of 22 entries claim the identical amount of time for counsel and the administrative assistant for the same task, although some of those entries are "no charged." *Id.* Counsel seeks a rate of $450 per hour, and $75 per hour for the administrative assistant, and thus the joint time seeks total compensation at $515 per

hour.

In *J&J Sports Productions, Inc. v. Miranda*, No. C 09-1037 SI, this Court reduced a fee application filed by the same counsel who represents plaintiff in this case. In *Miranda*, counsel sought a "blended" rate of $400 per hour ($300 per hour for attorney time, plus $100 per hour for paralegal time), for all time spent jointly on tasks. In *Miranda*, as here, most tasks were claimed by two timekeepers, for the entire time claimed. The Court rejected counsel's calculation of the "blended" rate as improperly inflating the cost of all time spent by any legal worker. Of relevance here, the Court also found it unreasonable and incredible that both counsel and a paralegal would work for the same amount of time on most tasks:

> Although it is, of course, customary for a lawyer to review a paralegal's work, it is not customary, not is it reasonable, that a lawyer and paralegal would both work for the entire time on virtually every task. For example, the Court cannot believe that counsel and a paralegal were both working for the entire 2.125 hours recorded as "Preparation, Filing, and Service of Notice of Application for Default Judgment by the Court . . . .

Docket No. 22 at 4:27-5:2 (No. C 09-1037 SI).

Notwithstanding the order in *Miranda*, counsel has again sought fees by claiming that both counsel and an administrative assistant worked for the entire time on most tasks. The Court also notes that in paragraph 8 of his declaration seeking fees in this case, counsel states that "[w]e do not use computerized time sheets or electronic billing software. Billable hours for legal services rendered are reconstructed by way of a thorough review of the files themselves." Riley Decl. ¶ 8.[1] Under these circumstances, the Court finds it extremely difficult to believe that counsel and an administrative assistant spent the identical amount of time on the tasks at issue.

Accordingly, the Court instructs plaintiff's counsel as follows. If counsel wishes to seek fees from this Court in connection with this case, counsel must submit a revised fee declaration that details as accurately as possible the actual time spent by each timekeeper on each task. If counsel continues to assert that the administrative assistant spent the identical amount of time on the joint tasks, counsel must file a signed declaration by the administrative assistant to that effect. The revised fee

---

[1] Counsel is advised that if he intends to seek fees in any other case assigned to the undersigned judge, he <u>must</u> keep contemporaneous billing records, and he must submit those in support of a fee request. Computerized records are not required; handwritten time sheets will suffice, provided that the individuals keeping them affirm under oath that they are correct and kept contemporaneously.

2

1  declaration(s) must be filed no later than **February 4, 2011**.

3  **IT IS SO ORDERED.**

5  Dated: January 24, 2011

SUSAN ILLSTON  
United States District Judge