IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., | No. C 10-1803 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| CARMINA BASTO, *et al.*, | |
| Defendants. | |

On December 16, 2010, the Court held a hearing on plaintiff's motion for default judgment. The Court GRANTS plaintiff's motion for default judgment and DENIES plaintiff's motion for attorneys' fees and costs.

**BACKGROUND**

Plaintiff, the exclusive licensor of rights to exhibit certain closed circuit and pay-per-view sports programming, brought suit against defendants Carmina Basto and Denny V. Basto, individually, and d/b/a Manila Garden Restaurant, and J&C Basto Co., d/b/a Manila Garden Restaurant, for showing a boxing match in their restaurant, Manila Garden Restaurant, without a license. Plaintiff's complaint alleges that defendants are liable under the Communication Act, 47 U.S.C. §§ 553 and 605 for receiving, intercepting and assisting in the receipt or interception of licensed programming. Plaintiff's hired private investigator was present on the evening of the fight, May 2, 2009, in defendants' restaurant and saw the *"The Battle of East and West": Manny Pacquiao v. Ricky Hatton, IBO Welterweight Championship Fight Program* ("the Program") being broadcast. *See* Affidavit of Gary Gravelyn. Plaintiff filed a complaint against defendants, who never responded. The Clerk entered default against

defendants on September 1, 2010.

## DISCUSSION

The Federal Communications Act of 1934, 47 U.S.C. § 605 *et seq.* prohibits commercial establishments from intercepting and broadcasting satellite cable programming without a license. It provides a private right of action in federal court. Plaintiffs may request that courts award actual or statutory damages between $1000 and $10,000 for each violation of section 605. 47 U.S.C. § 605 (e)(3)(C)(I). Damages of up to $100,000 may be awarded for willful violations. 47 U.S.C. § 605 (e)(3)(C)(ii).

The Cable & Television Consumer Protection Act of 1992, 47 U.S.C. § 553, which amended the Federal Communications Act, prohibits unauthorized interception or reception of communications over a cable system. It provides a private right of action in federal court. Plaintiffs may request that courts award actual or statutory damages of $250 to $10,000. 47 U.S.C. § 553(c)(3)(A). Damages of up to $50,000 may be awarded for willful violations that are intended to confer "indirect commercial advantage or private financial gain." 47 U.S.C. § 553(c)(3)(B).

Plaintiff's application for default judgment contends that defendants' violations of 47 U.S.C. § 605 *et seq.* and 47 U.S.C. § 553 were willful and that this Court should enter default judgment in the amount of the statutory maximum, $100,000. The Act provides for an enhanced damage award of up to $100,000 when "a violation was committed willfully and for purposes of direct or indirect commercial advantage or financial gain." 47 U.S.C. 605(e)(3)(C)(ii). Plaintiff has submitted the supplemental declaration of counsel stating that defendants are "multiple offenders," and attaching the docket sheet of another case in which defendants have been sued for violations of the same statutes at issue in this case. The docket sheet of that case, C 09-1023 MMC, shows that the case settled. *See* Supp. Riley Decl. Ex. 1.

This Court declines to grant plaintiff's request for the statutory maximum. The allegations in a complaint regarding the monetary amount of damages that should be granted in a default judgment are not controlling, and "the mere assertion that defendants acted willfully is insufficient to justify enhanced damages." *Kingvision Pay-Per-View Ltd. v. Backman*, 102 F. Supp. 1196, 1198 (N.D. Cal.

2

2000). Courts that have awarded enhanced damage awards due to willful violations of the Communications Act have cited such factors as the repeated violation of the Act, the intent to profit from the violations and actual profit derived from the violation. *Id.* at 1197-98. Here, the Court cannot conclude that defendants are multiple offenders solely on the basis of the fact that the C 09-1023 case settled. Plaintiff's papers state that defendants did not require a cover charge on the evening that they broadcast the fight. According to the affidavit of Mr. Gravelyn, the capacity of defendants' establishment was 250, and three separate head counts while Mr. Gravelyn was present showed the number of patrons present to be 77, 80 and 82. Thus, the record is unclear on whether the establishment actually profited from the violation. "Courts in this district have considered several cases involving pirating of closed-circuit sports broadcasts and, absent a showing of egregious wrongdoing, generally have awarded damages slightly over the statutory minimum." *Universal Sports Network v. Jimenez*, 2002 WL 31109707, at *1 (N.D. Cal. Sept. 18, 2002). Therefore the Court finds that an enhanced damage award is not warranted under the statute.

Under 47 U.S.C. § 605(e)(3) the Court may award statutory damages between $1,000 and $10,000 for a violation of the Act. This Court awards $3,000 in damages to plaintiff. In cases in which plaintiffs have proven violations under both § 605 and § 553 courts in this district have declined to award cumulative damages, and have awarded the higher statutory award permitted under § 605. Therefore this Court declines to award damages pursuant to § 553. *See Kingvision Pay-Per-View, Ltd. v. Chavez*, 2000 WL 1847644, at *2 (N.D. Cal. Dec. 11, 2000).

Plaintiff also requests default judgment on its state law claim of conversion. Under California law, conversion has three elements: (1) ownership or right to possession of property; (2) wrongful disposition of the property right of another; and (3) damages. *See G.S. Rasmussen & Assoc. v. Kalitta Flying Serv.*, 958 F.2d 896, 906 (9th Cir. 1992). Accepting the allegations in the complaint as admitted, plaintiff has established conversion in this case.

Plaintiff requests $2,800 in actual damages for the conversion. Damages for conversion must be based on the value of the property at the time of the conversion. *See Krueger v. Bank of America*, 145 Cal. App. 3d 204, 215 (1983). According to plaintiff's president, "[d]omestic commercial establishments, which contract with us, were required to pay to my company a commercial sublicense

3

fee to broadcast the *Program*. The sublicense fee for the Program was based on the capacity of the establishment and varies for each event. . . . [F]or this particular event, if a commercial establishment had a maximum fire occupancy code of 250 persons, the commercial sublicense fee would have been $2,800.00." Gagliardi Decl. ¶ 8, Ex. 1. The defendant's establishment has an approximate capacity of 250 people. Plaintiff has shown that had defendant paid for the right to broadcast the fight, the commercial sublicense fee would have been $2,800, and accordingly the Court awards $2,800 in damages for the conversion claim. *See Kingvision Pay-Per-View, Ltd. v. Chavez*, 2000 WL 1847644, at *4 (N.D. Cal. Dec. 11, 2000) (awarding $4000 in default damages for conversion claim involving two pirated programs).

Plaintiff has also requested $4,203.10 in attorney's fees and costs pursuant to 47 U.S.C. § 605(e)(3)(B)(ii). In an order filed January 24, 2011, the Court found the fee declaration filed by plaintiff's counsel deficient in numerous respects, and informed counsel that if he wished to seek fees in this case, counsel must file a revised fee declaration by February 4, 2011. Counsel did not file a revised fee declaration, and accordingly plaintiff's request for fees and costs is DENIED.

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for default judgment and DENIES plaintiff's request for fees. (Docket Nos. 19 and 30). The Court awards $5,800 in damages.

**IT IS SO ORDERED.**

Dated: February 14, 2011

SUSAN ILLSTON
United States District Judge

4